STATE, ROBERT CRAIG, PROSECUTOR, PLAINTIFF IN ERROR, v. WILLIAM M. MACKEY, DEFENDANT IN ERROR.

1. Under the provisions of the act " to authorize and enable small land-owners to drain and improve their lands," (*Pamph. L.* 1883, *p.* 234,) the assessment may be recovered from the owner of the land in the court for the trial of small causes.
2. The legality of the assessment cannot be tried or called in question in the suit to recover the amount of it.   Error in it must be established elsewhere, by means of proceedings in *certiorari.*
3. It is in no way necessary to a recovery of the assessment to prove title to land.

Error to the Supreme Court.

For the plaintiff in error, *M. R. Smith* and *Harris & Beasley.*

For the defendant in error, *J. G. Shipman & Son.*

The opinion of the court was delivered by

THE CHANCELLOR. This suit was brought in the court for the trial of small causes, to recover the amount of an assessment laid under the provisions of the act " to authorize and enable small land-owners to drain and improve their lands." *Pamph. L.* 1883, *p.* 234. By that act provision is made for the drainage of lands by means of clearing out, cutting down and lowering the beds of creeks or natural watercourses, or cutting, opening or clearing out ditches or drains into or through lands owned by or in possession of those who will not sufficiently do the work nor assist others in making such drainage. Application is to be made to the two surveyors of the highways and the chosen freeholder of the township in which the lands lie, who are, in their discretion, to order that the work be done, and are to apportion the cost and the expense of the application and their fees among the persons benefited by the improvement. The act provides that they may, after they shall have ordered that the improvement be made, proceed to have the work done, and assess from time to time, as the work shall progress, each land-owner benefited with his share of the expenses, in accordance with the apportionment; and that the applicant or applicants, their agents or attorneys, may, after demand and neglect or refusal to pay, sue for and collect the assessments in any court where the claims may be cognizable.

The only one of the errors assigned which is presented for decision is that which denies the jurisdiction of the court in which the judgment was rendered. This objection is based upon the proposition that in order to a recovery in such an action it is necessary to prove title to land—*i. e.,* to prove that the person sued for the assessment is the owner of the land— and it is urged that inasmuch as the court for the trial of small causes has no jurisdiction in any suit in which the title to land comes in question, it had no jurisdiction in this case. The proposition cannot be maintained. The action of the

surveyors and freeholder establishes the liability to assessment and the amount of the assessment upon the person assessed. The legality of that assessment cannot be tried or called in question in the suit to recover the amount of it. Error in it must be established elsewhere by means of proceedings in *certiorari*. It is therefore in no way necessary to a recovery to prove title to land. By a drainage act, passed in 1792, (*R. L.*, *p*. 128,) it was provided that the surveyors of the highways and the freeholders of the township who, on application under the act, should concur in laying out ditches or drains or clearing watercourses, should allot to each person interested therein the part or parts thereof which he or she should clear, make, support and keep open; and that if any owner or owners of the meadow directed to be drained should neglect to make, repair and keep open his, her or their proportion or allotment of the ditch, drain or watercourse, any one or more of the owners of the meadow might do the work and recover the expense from the person neglecting to do it. It was not doubted that the action for the expense could be maintained in the court for the trial of small causes, even in a case where the suit was brought, not against the person to whom the allotment was made, but against his grantee, and in order to establish his liability it was necessary to show, by deed, his ownership of the land. *Doremus* v. *Smith*, 1 *South.* 142 (1818.) And in the earlier case of *Jones* v. *Lore*, 2 *Penn.* 1048 (1813,) it was held that in a suit in a justice's court to recover, under what was known as the Bank act, the expenses of repairing the proportion of the meadow bank belonging to the defendants, it was competent to show who were the owners at the time when the repairs ought to have been made. It does not appear to have ever been held that the necessity of proving the defendant's title to land, to establish his liability to pay under such acts as the act of 1883, would take the case out of the jurisdiction of the justices' courts. On the other hand, the contrary seems to have been assumed and conceded. Under the act of 1883, the sum to be paid is fixed, and the person by whom it is to be paid is to be designated in the assessment, and the act gives

an action to recover the sum from the person assessed. The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, REED, BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER. 13.

*For reversal*—None.